UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOORE,

        Plaintiff,

      v.

BLUE EARTH, INC.,

        Defendant.

Case No. 17-cv-03905-WHO

**ORDER GRANTING RELIEF FROM JUDGMENT**

Appellant Teresa Jean Moore seeks relief from the judgment entered October 30, 2017, dismissing her appeal with prejudice for failure to prosecute. (Dkt. No. 11). I entered the judgment after Moore failed to respond to an Order to Show Cause ("OSC") ordering that she file the designation of record and statement of issues and her opening appeal brief on or before October 27, 2017. (Dkt. No. 10). Moore believes she is entitled to relief because (i) she did file a designation of the record and a statement of the issues with the Bankruptcy Court and has therefore prosecuted this appeal, and (ii) her failure to comply with the OSC was due to mistake, inadvertence, surprise, or excusable neglect. Appellee Blue Earth, Inc. ("Blue Earth") opposes Moore's motion for relief, arguing that the motion incorrectly relies on Federal Rule of Civil Procedure 60(b) rather than the applicable Bankruptcy Rule 8022 and was untimely filed. (Dkt. No. 12). Blue Earth is correct as to the applicable standard, and I evaluate Moore's motion for relief as a motion for rehearing under Rule 8022.

A motion for rehearing under Rule 8022 must "state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended." On October 30, 2017, I entered judgment in this case because Moore did not file the designation of record and statement of issues and her opening appeal brief as ordered. Moore filed her motion

for relief on November 15, 2017, 16 days later. A motion for rehearing must be filed within fourteen (14) days after entry of judgment by the district court, unless a court's order or local rules provide otherwise. Fed. R. Bankr. P. 8022. Blue Earth argues that, accordingly, Moore's motion is untimely and should therefore be denied. Blue Earth also contends that there is no basis to retroactively enlarge that time period. This is incorrect. The Federal Rules of Bankruptcy Procedure clearly anticipate enlargement of time after the requisite time period has passed. *See* Fed. R. Bankr. P. 9006(b) ("[W]hen an act is required . . . within a specified period by these rules . . . , the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."). And Rule 8022 itself does not explicitly prohibit the retroactive extension of time anticipated by Rule 9006.

Moore does not explicitly move for an extension of time in her motion, but this misstep is likely the result of her misunderstanding of the applicable standard for her motion. Even so, Moore does attempt to justify her motion for relief by arguing that I grant her motion on the grounds of mistake, inadvertence, surprise, or excusable neglect. Per Rule 9006, in order to permit enlargement of time for Moore's motion, she must demonstrate that her failure to file a timely motion was due to excusable neglect. *See* Fed. R. Bankr. P. 9006(b). When determining whether neglect of a deadline amounts to "excusable neglect," a court can consider: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship et al.*, 507 U.S. 380, 395 (1993).

In her motion, Moore details a series of events that culminated in her failure to file the required documents with this Court pursuant to the OSC: (i) the filing of the designation of record and statement of issues with the Bankruptcy Court on September 14, 2017; (ii) a wrongful ejection from her property; and (iii) the prosecution of other cases, one of which is related to the wrongful ejection. I find that these events, taken together, establish that Moore's neglect of the deadline to file a timely motion for rehearing is excusable. The danger of prejudice in this case is low, and the

2

length of the delay was a mere two days.  The reasons for the delay appear to be largely outside of Moore's control, and nothing indicates that Moore acted in bad faith.  Further, I find that, given that the designation of record and statement of issues were filed with the Bankruptcy Court prior to the date required by the OSC, Moore adequately demonstrates "a point of law or fact that the district court . . . misapprehended" when entering judgment for failure to prosecute.  Accordingly, I GRANT Moore's motion for relief from judgment.

### CONCLUSION

For the reasons discussed above, I GRANT Moore's motion for relief from judgment. Moore shall file, with this Court, the designation of record and statement of issues and her opening appeal brief on or before February 2, 2018.

**IT IS SO ORDERED.**

Dated: January 4, 2018

William H. Orrick
United States District Judge