UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA JEAN MOORE,<br>    Appellant,<br>v.<br>BLUE EARTH, INC.,<br>    Appellee. | Case No. 17-cv-03905-WHO<br><br>**ORDER ON APPEAL** |

Appellant Teresa Jean Moore ("Moore"), the assignee of Robert C. Florek's ("Florek") Claim 105 in the underlying bankruptcy matter, challenges the disallowance and subordination of Claim 105 by the Hon. Dennis Montali of the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court"). Appellee Blue Earth, Inc. ("Blue Earth") opposes and requests that I affirm the rulings of the Bankruptcy Court. I agree with the findings and conclusions of Judge Montali that Claim 105 is unenforceable against Blue Earth or, alternatively, is subordinated, and accordingly I affirm.

## BACKGROUND

### I. FACTUAL BACKGROUND

In 2012, Florek purchased "units" (ownership interest) in Millennium Power Solutions, LLC ("MPS") from Tim Hysell ("Hysell"), the then-CEO of MPS. Declaration of Robert C. Florek, Dkt. No. 363 (A293) ¶ 9. Florek estimated the investment to be a 5 percent "ownership interest" in MPS. *Id*. He finalized his purchase by signing a Subscription Agreement, in which he affirmed he was an "accredited investor" as defined in the Securities Act of 1933. Subscription Agreement, Dkt. No. 363 (A306).

About a year later, MPS merged with a subsidiary of Blue Earth called MPS Acquisition Corp. Agreement and Plan of Merger, Dkt. No. 363-2 (A340). After the merger, MPS became a

wholly-owned subsidiary of Blue Earth, its name changed to Blue Earth Energy Power Solutions, LLC, and Hysell became its Senior Vice President. Agreement and Plan of Merger, Dkt. No. 363-2 (A341).

On June 26, 2015, Blue Earth's Board of Directors ("the Board") voted to form a "spinoff"—EnSite Power, Inc. ("EnSite"). Disclosure Statement in Support of Joint Plan of Reorganization of the Debtors, Dkt. No. 188 (A136). On August 31, 2015, the Board transferred all of the stock of Blue Earth Energy Power Solutions, LLC to a new wholly owned company, EnSite. Appellant's Reply p. 3.[1]

## II. PROCEDURAL BACKGROUND

### A. Bankruptcy Court Proceedings

On March 21, 2016, Blue Earth commenced a voluntary chapter 11 bankruptcy petition, N.D.C.A. Bankruptcy Case No. 16-30296-DM. At this time, Blue Earth owned EnSite, which in turn owned Blue Earth Energy Power Solutions, LLC (formerly MPS). Entity Org Chart, Dkt. No. 188 (A180). On August 1, 2016, while Blue Earth's bankruptcy case was ongoing, Florek filed a proof of claim (Claim 105) against Blue Earth, seeking recovery of $997,123.88—the alleged value of his ownership interest ("units") in MPS. Proof of Claim (A183). Florek's proof of claim identified him as a "Founding Subscriber" of MPS and named "PSI/UPStealth Trademark and Patents" as the basis for perfection. Proof of Claim (A184).

On October 26, 2016, Blue Earth initiated a "contested matter" proceeding pursuant to Bankruptcy Rule 9014, filing an omnibus claim objection that included an objection to Claim 105. Reorganized Debtors Fifth Omnibus Claim Objection, Dkt. No. 330 (A201).[2] In its objection to

---

[1] EnSite's assets would later be pledged as collateral to Jackson Investment Group, LLC ("JIG"). *Id.* at p. 4. On January 11, 2016, Blue Earth announced the spinoff by mailing an Information Statement to its stockholders. Information Statement, Dkt. No. 363-5 (A393). However, because EnSite did not become a reporting company with the U.S. Securities and Exchange Commission ("SEC"), the spinoff was not completed. Disclosure Statement in Support of Joint Plan of Reorganization of the Debtors, Dkt. No. 188 (A137). EnSite was renamed to ZincFive, Inc. on October 25, 2016. Opposition by Robert C. Florek, Dkt. No. 362 (A295.)

[2] Blue Earth filed this objection alongside Blue Earth Tech, Inc. ("BE Tech"), which pays and provides benefits to nearly all employees of Blue Earth and its subsidiaries (minus EnSite). Disclosure Statement in Support of Joint Plan of Reorganization of the Debtors, Dkt. No. 188 (A132). BE Tech borrows from Blue Earth to fund payroll obligations and is also considered a

2

Claim 105, Blue Earth argued that (i) Blue Earth is not liable for Florek's investment, which occurred prior to Blue Earth's merger with MPS, and (ii) because Claim 105 arises from the purchase of a security of an affiliate of Blue Earth, it is subordinated to the level of common stock under § 510(b)[3] of the Bankruptcy Code.

In response to the objection, on December 5, 2016, Florek filed an opposition and a declaration in support of that opposition. Opposition by Robert C. Florek, Dkt. No. 362 (A285) & Declaration of Robert C. Florek, Dkt. No. 363 (A292). In his opposition, Florek argued that Blue Earth assumed liability for Claim 105 through its acquisition of MPS and MPS's employees, business assets, and intellectual property. Dkt. No. 362 (A285). In his declaration, Florek confirmed that he entered into a Subscription Agreement for the purchase of stock in MPS in 2012, before MPS was affiliated with Blue Earth. Dkt. No. 363 (A293). ¶ 9. He also stated that he had estimated at the time that his investment was a 5 percent "ownership interest" in MPS. *Id*.

On December 16, 2016—before Blue Earth responded to the opposition—Florek assigned his claim to Moore. Transfer of Claim Other than for Security (A424 & A499). Blue Earth filed a reply in support of its claim objection on February 17, 2017, arguing, as before, that (i) Claim 105 should be disallowed because it is not a claim against [Blue Earth] and (ii) even if it was, it would be subject to mandatory subordination pursuant to § 510(b) of the Bankruptcy Code. Reorganized Debtors' Omnibus Reply in Support of Claim Objections, Dkt. No. 402 (A450). Blue Earth also noted that under its proposed Bankruptcy Plan, common stock and claims subordinated pursuant to § 510(b) are not entitled to distribution. SA 722 ¶ 6.

On February 24, 2017, Judge Montali held a hearing on the objection to Claim 105. Transcript of Hearing Held on 02/24/2017 (A473). Moore appeared telephonically. *Id*. On April

---

debtor in this case. *Id*

[3] Pursuant to § 510(b) of the Bankruptcy Code, "For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under § 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock." 11 U.S.C. § 510(b).

3, 2017, Moore filed a Statement on the Assignment, asserting that she "has standing in the case because Florek assigned all of his rights, title and interest in the Claim 105." Statement of Teresa J. Moore on the Assignment of Claim 105, Dkt. No. 428 (A492). Another hearing was held on April 7, 2017, to allow Moore prove her standing to pursue Claim 105. Transcript of Hearing Held on 04/07/2017 (A520). Moore appeared in person. *Id*. On April 11, 2017, Moore filed a motion to confirm the assignment of Claim 105 and to allow discovery on the claim. Motion to Allow the Assignment of Claim 105, Dkt. No. 432 (A538). Blue Earth opposed that motion on April 18, 2017, arguing that Moore did not have standing and that, in any event, the Claim 105 should be disallowed as to Blue Earth or subordinated, and that discovery was not necessary because there were no facts that could change those outcomes. Reorganized Debtors' Opposition to Motion to Allow Assignment, Dkt. No. 434 (A558).

On April 21, 2017, the Bankruptcy Court issued a Memorandum Decision Regarding Debtor's Objection to Claim 105. Dkt. No. 437 (A569). In that decision, Judge Montali (apparently assuming Moore's standing) sustained Blue Earth's objection to Claim 105 on its merits and denied Moore's request for further time to respond to Blue Earth's objections, stating that further time would be "unnecessary and [. . .] futile." *Id*. at A571, A577. Judge Montali explained that Moore's claim is not allowable as a matter of law and fact because (i) the transaction upon which Florek bases his claim did not involve Blue Earth and (ii) even if Blue Earth had been a party to the underlying Subscription Agreement, Florek's claim would be subordinated to those of general unsecured creditors because it "has a nexus with his purchase of a security" and therefore is not entitled to distribution under the unconfimed plan.[4] *Id*. at A571-A574.

On May 2, 2017, Moore filed an objection to the Bankruptcy Court's order, arguing mainly that: (i) Blue Earth failed to make a genuine objection with a substantial factual basis to overcome the prima facie validity of the Proof of Claim; (ii) whether the claim is unallowable is a disputed fact that she requires discovery to resolve; and (iii) whether Florek's claim would be subordinated

---

[4] Judge Montali issued a formal order granting the claim objection on April 28, 2017. Order granting Reorganized Debtors' Fifth Omnibus Claim Objection, Dkt. No. 447 (A577).

4

1 even if Blue Earth had been a party to the underlying Subscription Agreement is a disputed fact

2 that she requires discovery to resolve. Objection to the Order of the Court, Dkt. No. 449 (A582-

3 A591). She asserted several grounds for reconsideration: (i) that Blue Earth improperly objected

4 to Claim 105 by including it in an omnibus objection to multiple claims, (ii) that the court should

5 not have issued its ruling without permitting her further discovery and address disputed facts, and

6 (iii) that the court erred in stating that Claim 105 was based on the purchase of stock (as opposed

7 to units) in another entity. Memorandum Decision Regarding Request for Reconsideration, Dkt.

8 No. 480 (A615-A616). The Bankruptcy Court treated that objection as a motion for

9 reconsideration and ordered Blue Earth to file a response, which Blue Earth did on May 11, 2017.

10 Motion to Allow the Assignment of Claim 105, Dkt. No. 453 (A538) & Reorganized Debtors'

11 Opposition to Motion for Reconsideration, Dkt. No. 460 (A608).

12 On June 19, 2017, the Bankruptcy Court issued a Memorandum Decision, addressing and

13 rejecting each of the grounds raised by Moore. The court rejected the first argument for three

14 reasons: (i) "Rule 3007(d)(7) specifically allows objectors to use the omnibus procedures when

15 they contend that the alleged obligation constitutes an interest and not a claim"; (ii) "both Florek

16 and Moore were given ample opportunity to address and brief the substantive issues"; and (iii)

17 "neither Florek nor Moore raised this objection until after full briefing and entry of the Order."

18 A615. The court rejected the second argument because "further discovery is unwarranted" given

19 that "the court decision rendered its decision as a matter of law" after several deferments "and any

20 disputed facts are immaterial to the court's determination." *Id*. The court rejected the third

21 argument because although "the court erred in labeling the transaction as the purchase of 'stock'

22 instead of a 'unit,' that error is harmless and immaterial" and "[w]hether Moore would have been

23 entitled to an undivided claim in all assets of MPS is immaterial" as well. A616. The court,

24 therefore, overruled Moore's objection. Memorandum Decision Regarding Request for

25 Reconsideration, Dkt. No. 480 (A613 & A619).[5]

---

[5] A joint reorganization plan between Blue Earth and BE Tech was confirmed on July 21, 2017, after Moore's appeal was assigned to this Court. Appellee's Br. p. 4. The reorganization plan provided, among other things, that: (i) allowed unsecured claims receive 40 percent of the allowed amount of the claim, plus an additional amount, (ii) holders of Blue Earth's common

5

### B. Appeal from Bankruptcy Court

On July 5, 2017, Moore filed a Notice of Appeal and Notice of Election to have Appeal Heard by District Court. Dkt. No. 1. A designation of record and statement of issues was due from Moore on August 14, 2017, but was not filed. Dkt. No. 9. Moore made an Ex Parte request for an extension of time to file the documents, which I granted on August 17, 2017. Dkt. No. 7. However, she failed to file the documents by the new deadline of October 6, 2017. Dkt. No. 8. On October 12, 2017, I issued an Order to Show Cause ("OSC") requiring that Moore file the designation of record and statement of issues, along with her opening appeal brief, by October 27, 2017. *Id*. After she failed to do so, I dismissed this case for failure to prosecute. Dkt. No. 9.

On November 15, 2017, Moore moved for relief on the grounds that: (i) she did prosecute this appeal because she filed a designation of the record and a statement of the issues with the Bankruptcy Court and (ii) her failure to comply with the OSC was due to mistake, inadvertence, surprise, or excusable neglect. Dkt. No. 11. On January 4, 2018, against Blue Earth's opposition, I granted Moore's motion for relief.[6] Dkt. No. 13.

In her opening brief, Moore argues that: (i) the proof of claim filed by Florek constituted prima facie evidence of the validity of Claim 105; (ii) Blue Earth's objection was insufficient to overcome the presumption of validity; and (iii) the Bankruptcy Court improperly denied Moore's request for further discovery. Dkt. No. 16. In its opposition brief, Blue Earth argues, among other things, that: (i) Claim 105 is unenforceable against Blue Earth; (ii) alternatively, Claim 105 is subject to mandatory subordination under § 510(b) of the Bankruptcy Code; (iii) Claim 105 is not entitled to prima facie evidence of its validity; (iv) alternatively, Blue Earth has presented sufficient facts to shift the burden of proof of Claim 105's validity to Moore; and (v) the Bankruptcy Court did not abuse its discretion in denying further discovery. Dkt. No. 19. In their reply briefs, Moore and Blue Earth focus their discussions on the merits of the foregoing five

---

stock receive no distribution, and (iii) claims subordinated pursuant to § 510(b) of the Bankruptcy Code receive no distribution. *Id*.

[6] I also ordered that she file the designation of record and statement of issues along with her opening appeal brief by February 2, 2018. Dkt. No. 13. Moore filed the designation of record and statement of issues on February 2, 2018, but, due to technical difficulties, did not file her opening appeal brief until February 6, 2018. Dkt. No. 15.

1 arguments. Dkt. Nos. 24 & 25.

## LEGAL STANDARD

This Court has jurisdiction to hear appeals from a bankruptcy court pursuant to 28 U.S.C. § 158(a). *Educ. Credit Mgmt. Corp. v. Pope (In re* Pope*)*, 308 B.R. 55, 59 (N.D. Cal. 2004). On appeal, a bankruptcy court's conclusions of law are reviewed de novo. *Id*. Its disallowance of a claim is also reviewed de novo. *In re* Salamon, 528 B.R. 171, 175 (B.A.P. 9th Cir. 2015), aff'd, 854 F.3d 632 (9th Cir. 2017) (citing *Margaret B. McGimsey Trust v. USA Capital Diversified Trust Deed Fund, LLC* (*In re* USA Commercial Mortgage Co.), 377 B.R. 608, 617 (9th Cir. BAP 2007)). Its findings of fact are reviewed according to a "clearly erroneous" standard. *Id*. "A bankruptcy court's factual findings are not clearly erroneous unless they are illogical, implausible or without support in the record." *Ramon Palm Lane, Inc. v. Altman* (*In re* Desert Springs Fin., LLC), No. CC-16-1374-KuFL, 2017 Bankr. LEXIS 1144, at *13 (B.A.P. 9th Cir. Apr. 20, 2017) (citing *Ezra v. Seror* (*In re* Ezra), 537 B.R. 924, 929 (9th Cir. BAP 2015)). Any evidentiary rulings are reviewed for an abuse of discretion. *Sigma Micro Corp. v. Healthcentral.com (In re* Healthcentral.com*)*, 504 F.3d 775, 783 (9th Cir. 2007). A court "necessarily abuses its discretion when it bases its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011)).

## DISCUSSION

The main issues on this appeal are whether the Bankruptcy Court appropriately sustained Blue Earth's objection to Claim 105, which I review under a de novo standard, and whether the Bankruptcy Court appropriately denied Moore's request for discovery, which I review under an abuse of discretion standard.

### I.    CLAIM 105 AND PRIMA FACIE VALIDITY

Moore's first argument is that Judge Montali did not apply the appropriate standard for assessing a claim, failing to give it prima facie validity and forcing Blue Earth to come forward with proof of its invalidity. Blue Earth counters that Claim 105 is not entitled to prima facie validity because: (i) Claim 105 fails to establish Blue Earth's liability; (ii) Claim 105 fails to

establish how the asserted claim amount of $997,123.88, which is inconsistent with other amounts in Claim 105, was calculated; and (iii) in violation of Bankruptcy Rules 3001(c) and (d), Claim 105 asserts a secured claim but fails to attach any security agreement or evidence of perfection thereof. Appellee's Br. p. 9.[7] Blue Earth also emphasizes that it was not involved in Florek's transaction, which was with MPS, a mere subsidiary and affiliate of Blue Earth that was unaffiliated with Blue Earth at the time of the transaction. *Id*. at p. 8 & p. 10.

Moore responds indirectly to Blue Earth's arguments. She asserts that Claim 105 is entitled to prima facie evidence of its validity because "Florek supported the claim with the copies of four exhibits, which tended to show that [Blue Earth] was liable for the debt. Appellant's. Br. p. 15. Exhibits A-D, attached to the Proof of Claim, are (i) a Confidential Private Placement Memorandum from MPS; (ii) a Contribution and Assignment Agreement between PSI Acquisition, LLC ("PSI") and MPS; (iii) an Agreement and Plan of Merger between MPS Acquisition Corp. and MPS; and (iv) a Marketwired article entitled "Blue Earth Acquires an Intelligent Digital Battery Technology Company, Millennium Power Solutions ("MPS") for $14.5 Million. Private Placement Memorandum (A186-A199). But these documents do not demonstrate that Florek's claim was perfected, much less that it somehow runs up the chain of subsequent ownership to Blue Earth, making Blue Earth liable for the debt. On the contrary, they reinforce Blue Earth's assertion that Florek's transaction was with MPS and not Blue Earth. *See*, *e.g.*, Agreement and Plan of Merger (A196).

---

[7] "Rule 3001 provides a detailed outline of a proof of claim. Generally, it must be a writing that sets forth the creditor's claim, is executed by the creditor or agent, and includes writings upon which the claim is based and documents evidencing the perfection of a security interest." *In re Daystar of Cal., Inc*., 122 B.R. 406, 408 n.1 (Bankr. C.D. Cal. 1990) (citing Collier on Bankruptcy, § 3001.03 (1988)). Such a claim is "deemed allowed"—*i.e*., will be paid off as part of the bankruptcy plan—"unless a party in interest . . . objects." 11 U.S.C. § 502(a). A claim that is inconsistent on its face is not entitled to prima facie evidence of its validity. *See Thai Ming Chiu v. Li (In re Demas Wai Yan)*, No. NC-10-1476-JuHPa, 2011 Bankr. LEXIS 4331, at *16-17 (B.A.P. 9th Cir. July 11, 2011) ("the trustee's objection pointed out numerous other inconsistencies which demonstrated that [the claimant's] claim lacked prima facie validity"). Blue Earth argues that Claim 105 is "inconsistent on its face" because it "fails to provide a calculation of that amount, how that amount was determined or any documentation or evidence to support that amount." Appellee's Br. p. 18. Florek listed $775,000 and $222,123.88 as the secured and unsecured portions of the claim, respectively. Proof of Claim (A184). Yet he did not provide calculations showing how those amounts are consistent with $100,000—the price for which he purchased the units at issue. Subscription Agreement (A190).

8

Because Judge Montali concluded, with ample grounds, that Claim 105 did not run to Blue Earth and could not be enforced as a debt of Blue Earth, its "prima facie validity" is irrelevant.[8] But going to the merits of Claim 105, I conclude below that it is unenforceable and would have been subordinated to common shares in Blue Earth, as I discuss below.

## II. CLAIM 105'S ENFORCEABLABILITY AGAINST BLUE EARTH

Judge Montali held that Claim 105 is not enforceable against Blue Earth because "the transaction on which Florek bases his claim did not involve [Blue Earth]." Memorandum Decision Regarding Objection to Claim No. 105, Dkt. No. 437 (A571-A572. As explained by Judge Montali, Florek's claim is based on his 5 percent interest in the MPS acquisition, and Florek himself contends that MPS' assets—which were subsequently acquired by Blue Earth's wholly-owned subsidiary—secure that 5 percent interest. *Id*. at 572. Thus, "the liability [Florek] asserts against [Blue Earth] arises from his acquisition of an equity interest from MPS, not [Blue Earth]." *Id*. Reaching the heart of the issues actually argued by Moore and Blue Earth before the Bankruptcy Court, I agree with Judge Montali's determination that Blue Earth is not liable for Claim 105.

Under § 502(b)(1) of the Bankruptcy Code, a claim shall not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Moore asserts that Claim 105 is enforceable against Blue Earth because Florek acquired an interest in MPS's assets by purchasing the units from Hysell when he was CEO of MPS. Appellant's Reply p. 3. Blue Earth disagrees. It explains that "an ownership interest in a limited liability company does not equate to a direct interest in the assets of the limited liability company." Appellee's Reply p. 1

---

[8] "If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). Florek listed "PSI/UPStealth Trademark and Patents" as the basis for perfection of his claimed security interest. Proof of Claim (A184). Blue Earth argues that "[f]or Claim 105 to be a secured claim, a loan and security agreement signed by [Blue Earth] would need to be identified and attached to Claim 105," but "Claim 105 fails to attach any documentation or evidence to support the alleged debt or the alleged security interest or perfection thereof." Appellee's Br. pp. 18-19. None of the exhibits attached to the Proof of Claim show that the security interest had been perfected. Private Placement Memorandum, Subscription Agreement, Contribution and Assignment Agreement, & Agreement and Plan of Merger (A186-199).

9

"Florek had no specific, direct or secured interest in the assets of [MPS]," and his ownership interest in MPS merely "entitled him to vote and receive a share of the profits." Appellee's Reply pp. 1- 2.

Blue Earth also challenges Moore's argument that "Florek received no consideration for this alleged merger," countering that Florek himself admitted that he received consideration for the merger in the form of restricted shares of stock in Debtor Blue Earth, Inc. in his declaration, an admission that is binding on Moore. Appellee's Reply p. 4. Finally, Blue Earth denies Moore's assertion that it merged with MPS, pointing out that MPS's merger was with one of its subsidiaries, MPS Acquisition Corp. Appellee's Reply p. 2.

Moore does not address Blue Earth's arguments on their merits. Instead, she pivots in an attempt to salvage Claim 105 by claiming a need for discovery. She argues that Hysell, from whom Florek bought the MPS units, made false promises made and damaged to Florek's interests. She contends that Hysell became an "insider" of Blue Earth pursuant to 11 U.S.C. § 101(31)(B)(ii), and "protect[ed] his interests to the detriment of Florek." Appellant's Reply p. 4.[9]

Even assuming the truth of the facts as alleged or not disputed by Moore, and assuming that Hysell's actions somehow damaged Florek's interests in MPS, Claim 105 is still not enforceable *against Blue Earth*. Hysell was not an insider at the time of the transaction at issue. As the CEO of MPS, Hysell was not a director, officer, or partner of Blue Earth, nor was he otherwise in control of Blue Earth. Rather, he was in control of a subsidiary of Blue Earth. Pursuant to the definition set forth in 11 U.S.C. § 101(31)(B), this does not make him an "insider" of Blue Earth.

---

[9] Under 11 U.S.C. § 101(31)(B), if the debtor is a corporation, the term "insider" includes: (i) director of the debtor; (ii)officer of the debtor; (iii)person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or (vi) relative of a general partner, director, officer, or person in control of the debtor. Under 11 U.S.C. § 101(14), the term "disinterested person" means a person that: (i) is not a creditor, an equity security holder, or an insider; (ii) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (iii) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

I find that Judge Montali appropriately sustained Blue Earth's objection to Claim 105 because Claim 105 is not enforceable against Blue Earth.

## III. CLAIM 105 IS, ALTERNATIVELY, SUBJECT TO SUBORDINATION UNDER § 510(B) OF THE BANKRUPTCY CODE

Judge Montali concluded that even if Claim 105 could be asserted as a debt against Blue Earth, it "would be subordinated [as a matter of law] to those of general unsecured creditors and thus entitled to no distribution under the confirmed plan." Memorandum Decision Regarding Objection to Claim No. 105, Dkt. No. 437 (A572). Section 510(b), he emphasized, provides that "a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security [. . .] shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security." *Id*. (quoting 11 U.S.C. § 510(b)). He explained that "section 510(b) "serves to effectuate one of the general principles of corporate and bankruptcy law: that creditors are entitled to be paid ahead of shareholders in the distribution of corporate assets [. . .] even when the claimant held stock in a company acquired by the debtor." *Id*. at A572-A573 (citing *Racusin v. Am. Wagering, Inc.* (*In re Am. Wagering, Inc.*), 493 F.3d 1067, 1071 (9th Cir. 2007)). I agree that Claim 105 is subject to subordination under 510(b) of the Bankruptcy Code.

### A. Fraud Claim

Moore's disagreement relies on a comparison of the facts of this case with those in *In re Khan*, where the Ninth Circuit affirmed a bankruptcy court's decision not to subordinate a claim that arose from the debtors' fraudulent conversion of the securities and not from a purchase of the debtors' securities. 846 F.3d 1058, 1065 (9th Cir. 2017). Appellant's Reply p. 5. She argues that, "Tim Hysell and [Blue Earth] fraudulently converted the 5% ownership interest of Florek in MPS [on] the pretext of a merger with [Blue Earth] and then transferred all the assets to EnSite, which Tim Hysell now controls as ZincFive, LLC." *Id*. at p. 6. Blue Earth pushes back against this assertion, stating that "[*Khan*] is not applicable to Claim 105" because "the claim [in *Khan*] was based upon a judgment resulting from the tort of conversion against a specific individual whose shares of stock were stolen." Appellee's Reply p. 5. *Khan* is distinguishable from this

11

case. The debtors in *Khan* had already been found to have "fraudulently converted [the claimant's] stock" and "forged corporate resolutions in an attempt to support their fraud." *In re Khan*, 846 F.3d 1061. Here, any fraudulent activity by Hysell (and by extension Blue Earth) with regard to Hysell's interest in MPS is merely speculative.

Blue Earth persuasively argues that Moore's argument fails even if this "fraud claim" was properly alleged in Claim 105 (it was not) and supported by facts (it is not). Blue Earth compares the facts of this case with those in *Liquidating Tr. Comm. of the Del Biaggio Liquidating Tr. v. Freeman* (*In re Del Biaggio*), 834 F.3d 1003 (9th Cir. 2016), where the Ninth Circuit held that an individual creditor's general unsecured fraud claim was properly subordinated to other claims senior or equal to it. Appellee's Br. p. 13. Blue Earth also relies on *Am. Broad. Sys. v. Nugent* (*In re Betacom of Phx., Inc.*), 240 F.3d 823 (9th Cir. 2001), where shareholders of Betacom were promised stock in ABS as consideration for a merger between the two. *Id.* at 826. ABS went bankrupt before the shareholders received their stock, and the shareholders then filed a claim against ABS alleging fraud and breach of contract. *Id.* at 827. The bankruptcy court subordinated that claim, and the Ninth Circuit affirmed. *Id.* at 832.

Here, Blue Earth argues that there is no basis for the claim because Florek's interest was neither stolen nor converted. But even if the fraud claim, not reduced to a judgment and unsecured, were substantiated, under *In re Del Baggio* and *In re Betacom*, it would still be subordinated. Speculative allegations of fraud do not save Claim 105 from subordination.

### B. Section 510(b)

On the merits and under Section 510(b), Blue Earth notes that "Florek admitted he received in 2013 the consideration for the merger which was the restricted shares of common stock in [Blue Earth]." Appellee's Reply p. 6. Indeed, the damages sought in Claim 105 are based on Florek's purchase of units in MPS. Appellee's Br. p. 13. As recognized in *Del Biaggio*, Section 510(b)'s "arising from" language "reaches broadly to subordinate damage claims involving qualifying securities" and "requires that claims be subordinated 'where there exists some nexus or causal relationship between the claim and the purchase of the securities.'" 834 F.3d 1003. Blue Earth also points out that § 510(b) applies "even if the debtor was not the actual

12

seller of the securities at issue." Appellee's Br. p. 12.

Florek himself listed "Millennium Power Solutions (MPS) Founding Subscriber" as the basis for Claim 105. Proof of Claim (A184). This supports a finding that there is at least some nexus or causal relationship between Claim 105 and Florek's purchase.

I agree with Judge Montali that Florek's claim arose from his purchased interest in MPS. Because "interests in limited liability companies are 'securities' under the Bankruptcy Code," I also find that Claim 105 arises from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor. *In re* Del Biaggio, 834 F.3d 1008 n.2. Accordingly, I find that Judge Montali did not err in holding that Claim 105 is subject to subordination under § 510(b) of the Bankruptcy Code.

## IV. THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN DENYING MOORE FURTHER DISCOVERY

Judge Montali denied Moore further discovery on the ground that further time would be "unnecessary and [. . .] futile" given that "[a]s a matter of law and undisputed fact, the claim is not allowable." Memorandum Decision Regarding Objection to Claim No. 105, Dkt. No. 437 (A571). In denying her motion for reconsideration, he stated, "As the court rendered its decision as a matter of law and any disputed facts are immaterial to the court's determination, further discovery is unwarranted." Memorandum Decision Regarding Request for Reconsideration of Order Disallowing Claim No. 105, Dkt. No. 480 (A613). Judge Montali did not abuse his discretion in denying Moore further discovery.

"A bankruptcy court need only provide an evidentiary hearing [. . .] where 'disputed material factual issues' are presented*.*" *Official Comm. of Unsecured Creditors v. City Nat. Bank, N.A.*, No. C09-03817 MMC, at *3 (N.D. Cal. May 13, 2011). "A bankruptcy court abuses its discretion in denying discovery only if the movant diligently pursued its previous discovery opportunities, and can demonstrate that allowing additional discovery would have precluded [the previous ruling]." *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1024 (9th Cir. 2012) (citing *Santa Barbara Capital Mgmt. v. Neilson* (*In re* Slatkin), 525 F.3d 805, 810 (9th Cir. 2008) (internal quotations removed)). Moore argues that the Bankruptcy Court erred in denying her request for a

discovery period and evidentiary hearing because "[a]t a minimum, there were material facts in dispute about the existence of the alleged merger with MPS and the roles of Tim Hysell." Appellant's Reply p. 6. She asserts that "[t]he only person with the requisite knowledge of the various transactions is Tim Hysell," upon whose oral statements Florek relied in submitting Claim 105. *Id*. However, as noted above, the fraud claim – even had it been substantiated – would not have saved Claim 105 from subordination as a matter of law. No discovery could alter that conclusion.

Nor does Moore point out what facts could be uncovered that would alter the ruling by Judge Montali that what Florek owned (if anything) with respect to Blue Earth were securities or a security interest subject to subordination. As Blue Earth notes, because "Moore is the assignee of Claim 105," she "stands in the shoes of Florek" and "is bound by Florek's admissions and documents," including those that establish he gained a security interest in MPS and then Blue Earth. Appellee's Br. P. 22; *see Boyajian v. New Falls Corp.* (*In re* Boyajian), 564 F.3d 1088 (9th Cir. 2009) ("under general principles of assignment law an assignee steps into the shoes of the assignor."). As such, "Moore cannot now assert that what amounts to her own documents [. . .] need to be authenticated." *Id*.

I note also that Moore was granted a great deal of process and multiple opportunities in Bankruptcy Court to make her arguments. Neither Florek nor Moore sought any discovery between the October 2016 filing of the Claim and the initial April 2017 hearing. The Bankruptcy Court's rulings followed several rounds of briefing, hearings, and a motion for reconsideration. The Bankruptcy Court appropriately concluded that Moore was not entitled to discovery because it "rendered its decision as a matter of law and any disputed facts [were] immaterial to the court's determination." Memorandum Decision Regarding Request for Reconsideration, Dkt. No. 480 (A615). I agree that additional evidence would not alter the finding that Claim 105 is not enforceable against Blue Earth and would be subject to subordination regardless. Judge Montali's denial of discovery, first raised on the motion for reconsideration, was not an abuse of discretion.

## CONCLUSION

The Bankruptcy Court did not err in finding that Claim 105 is not enforceable against Blue Earth or, in the alternative, that Claim 105 is subordinated. The Bankruptcy Court did not abuse its discretion in denying Moore further discovery. For the foregoing reasons, I AFFIRM the Bankruptcy Court's disallowance and subordination of Claim 105 pursuant to 11 U.S.C. § 502(b)(1).

**IT IS SO ORDERED.**

Dated: September 12, 2018

William H. Orrick
United States District Judge